UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM CARSON THOMAS,<br>      Petitioner, | )<br>)<br>) |
| vs. | ) Civil Action No. 10-96 E<br>) Magistrate Judge Maureen P. Kelly |
| SCI ROCKVIEW (Current), ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA, Tom Corbin, DISTRICT<br>ATTORNEY OF THE COUNTY OF<br>VENANGO, Marie T. Veon,<br>      Respondents. | )<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM ORDER**

At the time of the filing of the present Petition For Writ of Habeas Corpus Under 28 U.S.C. § 2254 By a Person in State Custody (the "Petition"), William Carson Thomas ("Petitioner") was a state prisoner housed in the State Correctional Institution at Rockview ("SCI-Rockview"). By means of this Petition, he sought to challenge his conviction for Aggravated Assault, ECF No. 5 at 27, in addition to challenging the denial of his parole, id. at 24, as well as challenging actions taken by the Oil City Police department in allegedly harassing him, id. at 16 to 23, as well as SCI-Rockview in allegedly denying him the right to practice his religion. Id., at 5, ¶ 12.

Petitioner initiated these proceedings on April 21, 2010. The case was assigned to another Magistrate Judge at that time. The Pennsylvania Attorney General's Office was granted an extension of time in which to file an Answer, see ECF No. 8, after which, the Attorney General filed an Answer, ECF No. 10, noting that the Attorney General does not respond to attacks on criminal convictions but that the local District Attorney who prosecuted the habeas petitioner is the appropriate agency to respond. Nevertheless, the Attorney General did respond to Petitioner's other allegations concerning the conditions of his confinement and the denials of parole. The Attorney General's Answer pointed out that Petitioner cannot attack the conditions of his

confinement, such as his religious claims and also that Petitioner's claims regarding his parole denials were not exhausted, and are meritless.

On June 20, 2011, the case was then reassigned to the undersigned. On July 5, 2011, this Court issued a rule to show cause to the District Attorney of Venango County, directing the District Attorney to show cause why the Petition should not be granted with respect to Petitioner's claims attacking his conviction since the District Attorney's Office failed to file an Answer as ordered to do so previously. ECF No. 22. Rather than file a response to the Show Cause Order, the District Attorney's Office simply filed their Answer to the Petition. ECF No. 23.

Petitioner then filed a Notice of Change of Address, ECF No. 26, which indicated that Petitioner had moved to a private residence, and which permitted the inference that Petitioner had completed his sentence. The Court issued an Order to Show Cause on Petitioner directing him to show cause why the Petition did not become moot upon his release from prison at the apparent completion of his sentence. ECF No. 28. The envelope containing the Rule to Show Cause was returned to sender because there was no such street number and due to an inability to forward. ECF No. 29.

All parties have consented to have the Magistrate Judge exercise plenary jurisdiction. ECF No. 2 (Petitioner's consent) and ECF No. 12 (consent by the Attorney General on behalf of Respondent).

Because this Court cannot contact Petitioner given that the address provided appears to be incorrect, the Court could dismiss the case for failure to prosecute. Cf. Ross v. Allen Parish Jail, No. 11–cv–1423, 2012 WL 6680384, at *1 (W.D.La., Nov. 13, 2012) ("'The failure of a[ ] ... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days.' More than thirty days have

elapsed since the court's correspondence to plaintiff was returned.") (quoting a local rule). See also Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984),[1] setting forth considerations for dismissals based upon failure to prosecute.

Although the Court could dismiss this action for failure to prosecute, it will dismiss the Petition for the following reasons.  First, because Petitioner's sentence has now been completed and it now appears that Petitioner has already been released from his sentence of incarceration, the Petition, insofar as it challenged his conviction and/or parole denials, has become moot. DeFoy v. McCullough, 393 F.3d 439 (3d Cir. 2005) (it is a habeas petitioner's burden to demonstrate that his case is not moot once he has been released from the sentence).   Accordingly, those claims in the Petition are dismissed as moot.  Second,  insofar as Petitioner sought, by means of the Petition, to challenge the conditions of his confinement and/or or the alleged harassment by the Oil City Police, such claims are simply not cognizable in a Petition for Writ of Habeas Corpus and, are therefore dismissed without prejudice. See Bronson v. Demming, 56 F. App'x 551, 553-54 (3d Cir. 2002); Vaughn v. Pennsylvania Dept. of Corrections, Civ.A. No. 08-184J, 2008 WL 4279610, at *2 (W.D.Pa. 2008).

Because jurists of reason would not find the foregoing debatable, a Certificate of Appealability is DENIED.

Date:  February 1, 2013				/s/  Maureen P. Kelly
						MAUREEN P. KELLY
						UNITED STATES MAGISTRATE JUDGE

---

[1]  Those six Poulis factors are as follows:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis, 747 F.2d at 868.

cc: William Carson Thomas
1436 Meadville Road
Franklin, PA 16323

William Carson Thomas
364 Fern Court
Oil City, PA. 16301-2163

All counsel of record via CM/ECF